```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF GEORGIA
              AUGUSTA DIVISION
```

JAMES BOYLESTON,              *
                              *
    Plaintiff,                *
                              *
         v.                   *       CV 117-038
                              *
SEAN DOWNES,                  *
                              *
    Defendant.                *

---

**O R D E R**

---

Before the Court are Defendant Sean Downes' motions to dismiss Plaintiff James Boyleston's amended complaint. (Docs. 5, 14.)[1] For the following reasons, Defendant's motion to dismiss is **CONVERTED** into a motion for summary judgment.

## I. Background

Plaintiff alleges that he was attacked by Defendant on April 12, 2015. (Doc. 2.) On April 4, 2017, Plaintiff brought a battery suit against Defendant in this Court based on diversity of citizenship. (Id.) On April 10, 2017, Plaintiff's counsel mailed a notice of lawsuit and request for waiver of service pursuant to Federal Rules of Civil Procedure 4(d) to

---

[1] Although Document 14 is labeled as a renewed motion to dismiss, it raises the same issues as Document 5, which is still ripe. Accordingly, the Court will treat the two motions as one motion to dismiss.

Defendant at 8430 Del Prado Drive, Delray Beach, FL 33446.[2] (Doc. 12, ¶ 3.) On May 26, 2017, a Florida process server left the summons and complaint with the office of general counsel at Defendant's place of employment. (Doc. 12.) However, the person served was not authorized to accept service on Defendant's behalf. (Doc. 14.)

Defendant moved to dismiss Plaintiff's complaint for insufficient service of process on June 13, 2017. (Doc. 5.) The next day, Plaintiff's counsel asked Defendant's counsel to withdraw the motion to dismiss. (Doc. 12.) Defendant's counsel did not agree and Defendant was personally served on June 28, 2017. (Doc. 11.)

## II. Discussion

The parties do not dispute and the Court is satisfied that there is a diversity of citizenship under 28 U.S.C. § 1332(a). However, Defendant argues that Plaintiff's cause of action is barred by the relevant two-year statute of limitations because, under Georgia law, a civil action is not commenced until service has been perfected. Plaintiff disagrees and argues that, even assuming *arguendo* that the foregoing is true, the present action was timely commenced because Plaintiff filed the present action

---

[2] Defendant claims that he no longer resides at this address. (Doc. 14-3, ¶¶ 3-6). Defendant's current address, 800 Lake Drive, Boca Raton, Florida 33432, is listed on publicly available records. (Id., at ¶¶ 5-6 & Exs. 2 & 3.)

2

prior to the expiration of the statute of limitations and subsequently served Defendant within the ninety-day deadline provided by Federal Rule of Civil Procedure 4(m). In turn, Defendant argues that - because service of process was accomplished after the applicable statute of limitations had run - Plaintiff must demonstrate that he acted in a reasonable and diligent manner in effecting service, which Plaintiff has allegedly failed to do.

The Erie doctrine requires that state substantive law be applied in diversity jurisdiction cases unless there is a federal law directly on point. Hanna v. Plumer, 380 U.S. 460, 471 (1965). Courts have long held that statutes of limitations are substantive laws that must be applied in diversity cases. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 532-33 (1949); Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1233 (11th Cir. 1983). In Cambridge, the Eleventh Circuit found that O.C.G.A. § 9-11-4 is an integral part of the statute of limitations and therefore controlling in a diversity case. Cambridge, 720 F.2d at 1233.

However, Plaintiff complains that Cambridge was decided before the adoption of Federal Rules of Civil Procedure 4(m), which conflicts with O.C.G.A. § 9-11-4(c) and therefore Cambridge is inapposite. In Walker v. Armco Steel Corp., the Supreme Court held that "Rule 3 governs the date from which

3

various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations." 446 U.S. 740, 751 (1980). This reason is equally applicable to Rule 4(m). Rule 4(m) merely sets the outer time limit for service of a complaint. Nothing in Rule 4(m) suggests that it was intended to extend the life of a state cause of action. Courts addressing this issue have come to the same conclusion. See, e.g., Aucoin v. Connell, 209 F. App'x 891, 892 (11th Cir. 2006); Castleberry v. Winn-Dixie Stores, Inc., 2017 WL 4052159, at *2 (M.D. Ga. Sept. 13, 2017); Botts v. Proflow, Inc., 2010 WL 11508352, at *2 (N.D. Ga. Feb. 23, 2010). Therefore, since the two laws do not conflict, O.C.G.A § 9-11-4(c) controls whether Plaintiff's cause of action is time-barred.

Next, the Court must determine whether Defendant's motion can be resolved at present. Although Defendant's motion is titled as a motion to dismiss for insufficient service of process, it is better framed as a motion to dismiss for failure to state a claim. When deciding a motion to dismiss under Rule 12(b)(6), the Court's inquiry is limited to the face of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Accordingly, a motion to dismiss based on the statute of limitations is only appropriate if it is apparent from the face of the complaint that the cause of action is time-barred.

4

Brotherhood of Locomotive Eng'rs & Trainmen Generall Comm. of Adjustment CSX Transp. Northern Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008). If a motion to dismiss raises issues outside the face of the complaint, the Court can resolve the motion by converting it to summary judgment. See FED. R. CIV. P. 12(d).

Under O.C.G.A. § 9-11-4(c), if the statute of limitations on a claim runs out between filing and service of process, the date the claim begins depends on when service is perfected. See Webb v. Murphy, 236 S.E.2d 840, 841 (Ga. Ct. App. 1977). If the plaintiff serves process within five days or exercises reasonable diligence, the suit is deemed to commence on the filing date. Giles v. State Farm Mut. Ins. Co., 765 S.E.2d 413, 417 (Ga. Ct. App. 2014). Additionally, if a plaintiff has still not served the defendant after receiving the defendant's motion to dismiss, the plaintiff must exercise the "greatest possible diligence." Busby v. Webb, 545 S.E.2d 132, 134 (Ga. Ct. App. 2001), overruled on other grounds by Giles, 765 S.E.2d at 418. To determine a plaintiff's diligence, Georgia courts focus on the plaintiff's efforts rather than the time it took to perfect service. Georgia Farm Bureau Mut. Ins. Co. v. Kilgore, 462 S.E.2d 713, 715 (Ga. 1995).

In this case, it is undisputed that Plaintiff did not serve Defendant within the five-day safe harbor provided by O.C.G.A. § 9-11-4(c). Therefore, whether this action was timely commenced will depend on Plaintiff's diligence in effecting service of process on Defendant. Plaintiff's complaint includes no facts about his efforts to serve Defendant. Furthermore, since the focus of the diligence inquiry is on Plaintiff's efforts, the power to take judicial notice of the docket is to no avail. And while Plaintiff has provided some evidence of his efforts to serve Defendant, the Court does not want to foreclose the possibility that the parties might have further evidence demonstrating Plaintiff's due diligence (or lack thereof). Accordingly, the Court converts Defendant's motion to dismiss into a motion for summary judgment and gives both parties twenty-one (21) days to bring forward all evidence regarding Plaintiff's diligence.

Accordingly, upon due consideration, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (docs. 5, 14) is **CONVERTED** to a motion for summary judgment. Conversion of Defendant's motion requires observing the procedural requirements of summary judgment. <u>Jones v. Automobile Ins. Co. of Hartford, Conn.</u>, 917 F.2d 1528, 1532 (11th Cir. 1990). Thus, the Clerk is **DIRECTED**

6

to issue a Griffith[3] notice of summary judgment to each party so each may file any and all additional materials that are pertinent to Defendant's motion. The parties SHALL file all evidence in support of – or in opposition to – Defendant's motion by **the close of business November 22, 2017**.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of November, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).